# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rocky Mel Contreras, | Case No. 23-cv-2500 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| J Barker, *Badge #163, Security*; Hennepin County Medical Center, | |
| Defendants. | |

This matter is before the Court on Plaintiff Rocky Mel Contreras's self-styled Motion to Amend (ECF No. 38). On April 17, 2024, the Court recommended that this matter be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 35.) The Court entered its Report and Recommendation after a period of several months, during which Mr. Contreras failed to respond to Defendants' Motion to Dismiss (ECF No. 23) and did not respond by the extended deadline afforded by the Court (ECF No. 34). Mr. Contreras did not request an extension or communicate his opposition to the Motion to Dismiss in any way. (*Id*.)

On April 22, 2024, Mr. Contreras filed a self-styled motion agreeing that the Court appropriately recommended this matter be dismissed but asking that he be allowed to proceed with a new case without paying fees. (ECF No. 36 at 1.) Mr. Contreras did not offer any explanation for his late response or meaningfully respond to Defendants' Motion to Dismiss. (*See generally*, *id*.) The Court therefore recommended that his motion be denied insofar as it could construed as a request to proceed with the current matter. (ECF No. 37.) The Court also recommend that his motion be denied insofar as he requested to proceed in a new matter without paying fees because

1

the Court lacks the authority to grant such a request prospectively, before any new complaint with an application to proceed *in forma pauperis* is actually filed.  (*Id.*)

Mr. Contreras now seeks to "change [his] direction" and "proceed forward" in this matter against Defendants.  (ECF No. 38 at 1.)  He states that his mother recently died, and he has been grieving her passing.  (*Id.* at 2.)  Mr. Contreras also states he "retract[s] his statement regarding agreeing with the judge's recommendation that this case be dismissed."  Mr. Contreras does not respond to Defendant's Motion to Dismiss in any way or offer any explanation why he no longer believes this matter should be dismissed.  (*See id.* at 1-24.)

To the extent Mr. Contreras's Motion to Amend may be construed as a request to proceed under the operative Amended Complaint (ECF No. 6), the Court recommends that it be denied.  Despite clear notice of the need to respond and the significant passage of time, Mr. Contreras still has not meaningfully responded to Defendant's Motion to Dismiss.  Except for the allegations concerning his mother's death, Mr. Contreras largely reiterates claims previously asserted in the Amended Complaint.  Nor has he articulated a reasonable rationale for changing his position that the matter should be dismissed.  His mother's death, while tragic, does not address these concerns.

To the extent Mr. Contreras's Motion to Amend may be construed as a request to further amend his complaint, the Court denies the motion because Mr. Contreras does not meet the requirements for amendment.  Under the governing rules, a party may amend its pleading only once as a matter of right and must do so within established deadlines.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Mr. Contreras already amended his pleading once as a matter of right.  (*See* ECF Nos. 8, 10.)  Moreover, the deadline for amendment as a matter of course in this case expired 21 days after Defendants filed their Motion to Dismiss on January 12,

2024. Fed. R. Civ. P. 15(a)(1)(B). That deadline has long passed. The Court does not find the interests of justice support allowing an additional amendment and requiring Defendants to expend additional resources addressing any new complaint, when Plaintiff's Motion to Amend appears to raise no newly discovered facts or viable arguments that he could not have asserted initially.

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Rocky Mel Contreras's self-styled Motion to Amend (ECF No. [38]) is **DENIED** insofar as it may be construed as a request to further amend his complaint.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Rocky Mel Contreras's self-styled Motion to Amend (ECF No. [38]) be **DENIED** insofar as it may be construed as a request to allow this matter to proceed based on the operative Amended Complaint (ECF No. [6]).

Dated: May 7, 2024                     *s/ Dulce J. Foster*
                                        DULCE J. FOSTER
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).