UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ROCKY MEL CONTRERAS, | Case No. 23-CV-2500 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| J BARKER, Badge #163, Security; HENNEPIN COUNTY MEDICAL CENTER, | |
| Defendants. | |

---

Plaintiff Rocky Contreras brought this action asserting various claims arising out of an incident at Hennepin County Medical Center in August 2023. ECF No. 10 at 5. This matter is before the Court on Contreras's Fed. R. Civ. P. 59 motion for a new trial or to alter or amend the judgment, which the Court construes as an objection to the three pending Reports and Recommendations ("R&Rs") of Magistrate Judge Dulce J. Foster. Judge Foster recommends dismissing this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute [ECF No. 35], denying Contreras's motion in opposition to defendants' motion to dismiss [ECF No. 37], and denying Contreras's motion to amend [ECF Nos. 41–42].[1] The Court has conducted a de novo review. *See* 28

---

[1] Judge Foster also issued an order denying Contreras's motion to amend to the extent that the motion could be construed as a request to further amend his complaint. *See* ECF No. 42.

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Contreras's objection, adopts the R&Rs, and dismisses this case without prejudice.

As Judge Foster explained in her R&Rs, defendants filed a motion to dismiss Contreras's amended complaint on January 12, 2024.  ECF No. 23.  Under Local Rule 7.1, Contreras's response was due on February 2.  Although Contreras filed several notices concerning his address and phone number in late January and early February, *see* ECF Nos. 30–32, he did not respond to the motion to dismiss or ask for an extension of time in which to do so.  On March 1, the Court sent copies of defendants' motion and related papers to Contreras's updated address.  ECF No. 34.  On April 1, Judge Foster extended the deadline for Contreras to respond to defendants' motion to April 15, and warned him that, if he failed to comply, she might recommend that the case be dismissed for failure to prosecute.  ECF No. 34.

On April 17, having heard nothing from Contreras, Judge Foster issued the first R&R recommending dismissal for failure to prosecute.  ECF No. 35.  Contreras initially agreed with this disposition, explaining that the loss of his mother in October 2023 had made it difficult for him to function.  ECF No. 36.  He also asked that Judge Foster waive the fees for a new lawsuit that he intended to file, but Judge Foster explained, in a second R&R, why she could not do so.  ECF Nos. 36–37.  Contreras then filed a "motion to amend" and accompanying exhibits seeking to proceed with this matter, again citing

the loss of his mother. ECF Nos. 38–39. As Judge Foster noted in her third R&R, Contreras's filings did not meaningfully respond to defendants' motion to dismiss. ECF No. 41 at 2.

In Contreras's latest filing, which the Court construes as an objection, he argues that he is disabled and again cites the effects of grief on his ability to function. Contreras has also submitted voluminous medical exhibits.[2] But none of this is responsive to Judge Foster's R&Rs or excuses Contreras's lengthy failure to prosecute this case. The Court certainly has sympathy for Contreras regarding the loss of his mother in October 2023, but Contreras was able to submit several filings to the Court in late January and early February—and, in late March or early April, Contreras was able to collect his medical records from the Mayo Clinic. *See* ECF No. 47 (compact disk at 1). Yet Contreras has let *months* pass without either responding to defendants' motion or seeking an extension of time—and, importantly, he has still not meaningfully responded to the arguments made in defendants' motion.

As noted, Contreras has submitted voluminous medical records, presumably in an attempt to establish that he is disabled for purposes of his claims under the Americans with Disabilities Act and Rehabilitation Act. But it is not the Court's

---

[2]One set of exhibits was submitted on a compact disk in a format that is not accessible to the Court, and it was accordingly returned to Contreras as unacceptable for filing. *See* ECF No. 48.

responsibility to comb through thousands of pages of medical records to locate support for Contreras's claims. Morever, Contreras cannot amend his complaint—or even request to amend his complaint—by filing thousands of pages of medical records. *See* D. Minn. L.R. 15.1 (setting forth procedural requirements for obtaining leave to amend); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

Setting that aside, evidence regarding Contreras's medical condition in no way responds to defendants' other argument for dismissing his disability-related claims—and in no way responds to defendants' arguments for dismissing the other claims in Contreras's amended complaint. The Court therefore overrules his objection and dismisses this case without prejudice for failure to prosecute.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Reports and Recommendations [ECF Nos. 35, 37, 41] are ADOPTED.

2. The magistrate judge's order dated May 7, 2024 [ECF No. 42] is AFFIRMED.

3. Defendants' motion to dismiss [ECF No. 23] is DENIED AS MOOT.

4. Plaintiff's motions [ECF Nos. 36, 43] are DENIED.

5. This case is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 7, 2024             s/Patrick J. Schiltz
                                 Patrick J. Schiltz, Chief Judge
                                 United States District Court